## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN BERNEY, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 3:20-cv-01379 (     ) |
| v. | : | |
| APPLE INC. | : | |
| Defendant. | : | September 15, 2020 |

## COMPLAINT

### I.     INTRODUCTION

1. Plaintiff, Steven Berney worked with Defendant Apple for 15 ½ years as a Regional Sales Manager and in that capacity was one of Apple's excellent performers. At 59 years old, his age was a detrimental factor when he was laid off, followed a short time later by Apple's decision to hire a 37-year-old woman with no managerial experience, instead of Mr. Berney, for the position of Regional Sales Manager. He brings this case of age discrimination under the federal Age Discrimination in Employment Act, 29 U.S.C. Section 623 and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. Section 46a-60(a).

2. Mr. Berney demands a jury trial on all claims.

### II.    JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. Section 1331.

4. Venue is proper in this District under 28 U.S.C. Section 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims, occurred in Connecticut.

5. This Court has supplemental jurisdiction over the Plaintiff's state law claims, pursuant to 28 U.S.C. Section 1367, because they form part of the same case or controversy as are pled in the federal claims.

### III. PARTIES

6. Plaintiff, Steven R. Berney, is a resident of Connecticut and lives in the town of New Milford. Mr. Berney's date of birth is May 22, 1960. At the time of his termination from Apple, and its later failure to rehire him, he was 59 years old.

7. Defendant Apple Inc. has its corporate headquarters at One Apple Park Way, Cupertino, CA 95014. Apple employs more than 20 employees in Connecticut. At all relevant times, Apple was Mr. Berney's employer within the meaning of the ADEA and the CFEPA.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Mr. Berney filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) alleging age discrimination, and this complaint was dual filed with the federal Equal Employment Opportunity Commission.

9. Both complaints were filed in a timely manner, because they were filed within 180 days of the date Mr. Berney was terminated, and within 180 days of the date Mr. Berney was not rehired.

10. Mr. Berney received a Release of Jurisdiction from the CHRO, dated August 27, 2020 and a Dismissal and Notice of Rights from the EEOC dated September 3, 2020 and has filed this Complaint within 90 days of receipt of those Releases.

### V. STATEMENT OF FACTS

11. On April 1, 2002, Apple hired Mr. Berney as a Regional Sales Manager.

12. In his first 15 1/2 years with Apple Mr. Berney was an award-winning Regional

Sales Manager in the consumer sales channel. His performance evaluations were always at or above expectations, and he won two United States Regional Manager of the year awards. His region was one of the largest in the country. At its peak it had 63 employees.

13. For example, in his annual review effective May 31, 2016, his supervisor rated his performance as Regional Sales Manager as follows: (1) Teamwork: Exceeded expectations consistently; (2) Innovation: Exceeded expectations consistently; (3) Results: Achieved expectations consistently. Especially concerning teamwork, his team evaluated him as follows: "Words like empowered, readily available, imaginative intelligence, excited to work for Steve are all words that are common in the feedback from his team."

14. In that same review, the results from 2015's 4th quarter was that he was number one in the division in all 5 categories. In 2016's first quarter, he was number one in 5 categories and number 2 in 4 categories in the division. In the 2nd quarter, he was number one in 6 categories, number 2 in 2 categories and number 4 in one category. In the 3rd quarter, he was number one in 5 categories and number 2 in 3 categories.

15. In his performance review effective June 1, 2017, his supervisor rated him as achieving expectations in teamwork and results, and exceeding expectations in innovation. Under results his supervisor stated: "Steve manages the largest team in the East. He continually leads the organization in overall revenue and is always driving for results."

16. In around September, 2017 both his former and current supervisors asked him to take a lateral move to become Carrier Account Manager for the T-Mobile account in the Northeast United States. In his first annual review by his new supervisor, effective June 1, 2018, Mr. Berney achieved expectations in all areas. The new supervisor's comments were very complimentary. The supervisor stated that Mr. Berney provided "valuable insight," that he "integrated [himself] well

into the team while at the same time learning an entirely new business," that his innovative roundtables were "so successful…[and] a best practice that [he] should share with [his] colleagues across the US Carrier Channel - well done Steve." Mr. Bernie's results achieved were 119% quota attainment and 113% strategic objective attainment, that his supervisor called a "Great Job!" The review summarily stated: "Steve, thanks for all you do and here's to a great year ahead!"

17. That was Mr. Berney's last Apple review. He did not receive one for the review period June 2018 - May 2019.

18. He was on short-term disability leave from May 30, 2019 through September 30, 2019. While on this leave, he was told his position with Apple was being eliminated "due to business reasons." A much younger person performs his job duties as Carrier Account Manager. He was never told what the "business reasons" were. He was told, however, that he could apply for any job at Apple that arose before his actual layoff date of October 18, 2019.

19. Although defendant Apple sought a release of any age discrimination claims, Apple did not supply Mr. Berney with information required by the Older Workers Benefit Protection Act that would have allowed him to review the ages of those persons laid off as against those who were retained.

20. The same day that he was informed of his layoff, Apple Human Resources called to inform him that there was an opening for a Regional Sales Manager, the very same job he had performed very successfully for nearly sixteen years, in the Maryland/District of Columbia market. He applied for that job and was definitely willing to relocate to keep his job with Apple.

21. At the time he applied, the job posting has been closed, but Apple permitted him to apply anyway, so he did not see a description for the job. Upon information and belief, the job description for that position was very similar to the job description for the position that he had held

for 15 ½ years. If the job description were revised, he was never given a copy of a revision, nor was he told about any revisions.

22. He had seven interviews, including with his peers, peers of his former boss, then with his former boss, then with Human Resources and finally with a Vice President, Mr. Steven Cano. None of the people in any of these interviews mentioned the need for carrier experience in the Regional Sales Manager job or substantially asked about his work in the carrier job.

23. In Mr. Berney's long experience at Apple, the most important requirement for a Regional Sales Manager, a job that primarily consisted of managing people, was successful managerial experience.

24. If any of the people interviewing Mr. Berney had any concerns with his prior performance, that was not a subject that was discussed. In his job with Apple, he was never given any kind of a performance warning nor a poor performance evaluation.

25. Lisa Vincent from Human Resources informed Mr. Berney that at the conclusion of the interview process, he was one of two final candidates.

26. On October 16, 2019, he was informed that he was not chosen for the job. It was instead awarded to Cristina Arndt, a former program manager. At the time that she was chosen, she was 37 years old and she had never worked as a manager at Apple. Upon information and belief, she had previously been a trainer and worked on pilots for the consumer labor channel. With Mr. Berney's years of experience as a successful Regional Sales Manager, he was much more qualified for the Regional Sales Manager position than Ms. Arndt.

**VI.    FIRST COUNT:   Age Discrimination in Termination (ADEA Violation)**

27. Mr. Berney incorporates by reference each and every allegation in paragraphs 1 through 19, above.

28. But for Mr. Berney's age, Apple would not have terminated his employment.

29. As a result of Apple's unlawful conduct, Mr. Berney has suffered and will continue to suffer economic harm, including but not limited to loss of salary, benefits, and stock awards and bonuses.

## VII. SECOND COUNT:   Age Discrimination in Termination (Liquidated Damages under ADEA)

30. Mr. Berney incorporates by reference each and every allegation in paragraphs 1 through 19, above.

31. But for Mr. Berney's age, Apple would not have terminated his employment.

32. Apple's unlawful conduct was committed with willful disregard for Mr. Berney's right to be free from age discrimination.

33. As a result of Apple's unlawful conduct, Mr. Berney claims liquidated damages.

## VIII. THIRD COUNT:   Age Discrimination in Termination (CFEPA Violation)

34. Mr. Berney incorporates by reference each and every allegation in paragraphs 1 through 19, above.

35. His age was a motivating factor in the decision to lay him off. His layoff violated Connecticut's Fair Employment Practices Act.

36. As a result of Apple's wrongful conduct in including his age as a motivating factor, Mr. Berney has suffered economic and non-economic losses that will continue into the future, including but not limited to loss of salary, benefits, and stock awards and bonuses. He also suffered a loss of reputation and, in general, emotional distress and loss of enjoyment of life's activities.

## IX. FOURTH COUNT:   Age Discrimination in Failure to Rehire (ADEA Violation)

37. Mr. Berney incorporates by reference each and every allegation in paragraphs 1 through 19, above.

38. But for Mr. Berney's age, he would have been selected for the Regional Sales Manager position.

39. As a result of Apple's wrongful conduct, he has suffered economic harm as pled in paragraph 29.

**X.   FIFTH COUNT:   Age Discrimination in Failure to Rehire (Liquidated Damages under ADEA)**

40. Mr. Berney incorporates by reference each and every allegation in paragraphs 1 through 26 and 29, above.

41. Apple's wrongful conduct was in bad faith and taken with reckless disregard of his rights.

42. As a result of Apple's unlawful conduct, Mr. Berney claims liquidated damages.

**XI.   SIXTH COUNT:   Age Discrimination in Failure to Rehire (CFEPA Violation)**

43. Mr. Berney incorporates by reference each and every allegation in paragraphs 1 through 26 and 36, above.

44. His age was a motivating factor in the decision to not rehire him, violating the CFEPA and causing damages.

**XII.   SEVENTH COUNT:   Age Discrimination in Failure to Rehire (CFEPA Punitive Damages)**

45. Mr. Berney incorporates by reference each and every allegation in paragraphs 1 through 26 and 36, above.

46. Apple's wrongful conduct was in bad faith and taken with reckless disregard of his rights.

47. As a result of Apple's unlawful conduct, Mr. Berney claims punitive damages.

WHEREFORE, Mr. Berney respectfully prays that this Court award the following damages:

a) Backpay damages under Counts 1, 3, 4 and 6;

b) Liquidated damages in an amount equal to the backpay damages under Counts 2 and 5;

c) Front pay damages under Counts 1, 3, 4 and 6;

d) Compensatory damages for emotional distress, loss of reputation and other non-economic harm under Counts 3 and 6;

e) Punitive damages under Count 7;

f) Reasonable attorneys fees and costs, pursuant to the ADEA and the CFEPA; and

g) Any other remedies that may appear to be just and proper.

**THE PLAINTIFF,**

By: /s/ *Joseph D. Garrison*
Joseph D. Garrison   *(ct04132)*
GARRISON, LEVIN-EPSTEIN,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT   06511
Tel.:  (203) 777-4425
Fax:  (203) 776-3965
E-mail:  jgarrison@garrisonlaw.com